UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRYAN DIFRANCESCO, as father and natural
Guardian of the infant minor LD,
and BRYAN DIFRANCESCO, Individually,

                            Plaintiffs,                    **Hon. Hugh B. Scott**

                                                                    13CV148

                            v.                                    CONSENT

                                                                    **Order**

WIN-SUM SKI CORP.,
HOLIDAY VALLEY, INC.,

                                        Defendants.
_____

     Before the Court is defendants' motion to compel the supplemental deposition of plaintiff Dr. Bryan DiFrancesco (Docket No. 75). Plaintiffs filed opposing papers (Docket No. 76, Pls. Counsel Declaration, with exhibits, and Memorandum of Law) and, pursuant to this Court's schedule (see Docket No. 74), this matter was argued on April 6, 2017 (Docket No. 78).

     Plaintiffs also moved for extension of the deadline to complete certain discovery (Docket No. 77) and following discussion on April 6 (Docket No. 78), responses to that motion are due by April 13, 2017, with argument scheduled for April 19, 2017, the same date as a pretrial conference in this case (Docket No. 79; see Docket No. 72). This case is currently scheduled for trial on July 17, 2017 (e.g., Docket No. 69).

BACKGROUND

This is a personal injury action commenced under this Court's diversity jurisdiction. Prior to trial of this case, defendants sought photographs and documents of infant plaintiff LD's post-accident athletic activities (such as skiing, snowboarding, and participating in sports). In a previous Order as the case neared trial, parties were given until April 5, 2017, to supplement aspects of discovery, with a subpoena defendants attempted to serve upon plaintiffs for materials from plaintiff Dr. DiFrancesco being converted into a document request (Docket No. 70, Order of Feb. 22, 2017). Defendants served not only a document demand but also noticed Dr. DiFrancesco's deposition. They seek to compel that deposition, arguing that photographs plaintiffs recently produced lacked foundation and may have existed prior to DiFrancesco's 2014 deposition (Docket No. 75). Plaintiffs oppose, arguing that this supplementation is unnecessary and is cumulative and duplicative of testimony about LD's activities after the accident (Docket No. 76).

During argument on April 6, 2017 (Docket No. 78), defense counsel announced that they were available to conduct Bryan DiFrancesco's deposition on a date between April 18 and April 26, 2017, with that deposition consisting of only one to two hours. Plaintiffs' counsel was unaware of Dr. DiFrancesco's schedule or their own availability.

DISCUSSION

As both sides noted (Docket No. 75, Defs. Memo. at 2; Docket No. 76, Pls. Memo. at 5; see Docket No. 78), this Court has the discretion to compel the continued deposition, see Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 101 (S.D.N.Y. 1997); Brown v. Victor, No. 11CV35, 2017 U.S. Dist. LEXIS 5452 (W.D.N.Y. Jan. 13, 2017) (Scott, Mag. J.) (in exercise of Court's

2

discretion, ordering second deposition of former pro se plaintiff).  In Tri-Star Pictures, the
Southern District of New York court allowed the second deposition of a party's counsel subject
to specific conditions to limit the examination to new claims and issues and not to elicit
testimony that leads to attorney-client privilege matters, 171 F.R.D. at 102-03.  Defendants'
motion to compel (Docket No. 75) is **granted**.

This Court previously noted the parties' discovery obligation to supplement their
production (Docket No. 70, Order at 10-12).  Plaintiffs then produced photographs with what
appears to be minimal foundational information.  Defense contends that many of these
photographs were available to plaintiffs when defendants first requested their production in 2013
and leading to Dr. DiFrancesco's initial deposition in 2014.  Plaintiffs object that the
examination of Dr. DiFrancesco would be burdensome, duplicative and cumulative; it would be
cumulative of his testimony (Docket No. 76, Pls. Atty. Decl. Ex. A) (as well as LD and her
mother's deposition testimonies, id., Exs. B, C) regarding LD's post-accident athletic activities.
Since the photographs were just recently produced, questions about their provenance would not
be duplicative of Dr. DiFrancesco's prior testimony.  With the examination scheduled at a
mutually convenient date, further questioning of Dr. DiFrancesco will not be burdensome.  As
for the cumulative nature, plaintiffs and Mrs. DiFrancesco testified generally to LD's post-
accident athletics and not to a particular event.  The photographs probably depict LD at particular
activities testimony about any particular event would not be cumulative.  Despite the defense
seeking initially a subpoena duces tecum (that is, document production only), a further
deposition about the documents now produced should advance this case to trial.

CONCLUSION

For the reasons stated above, defendants' motion (Docket No. 75) to compel plaintiff Dr. Bryan DiFrancesco's supplemental deposition is **granted**; parties are to schedule and conduct that deposition on a mutually agreed upon date between April 18-26, 2017, or report to this Court on **April 19, 2017**, during argument and the pretrial conference when that deposition will be held.

Again, jury selection and trial of this matter remains scheduled to commence on **July 17, 2017**.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       April 7, 2017