UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYAN DIFRANCESCO, as father and
natural guardian of the infant minor, LD,

                        Plaintiffs,

v.

WIN-SUM SKI CORP. and
HOLIDAY VALLEY, INC.,

                        Defendants.

**Hon. Hugh B. Scott**

13CV148

**CONSENT**

**Order**

Before the Court is plaintiffs' motion to extend their discovery deadline by 30 days from the April 5, 2017, deadline (Docket No. 77). Responses to this motion were due by April 13, 2017 (Docket No. 79; see also Docket No. 78), which defendants submitted (Docket No. 81), and the motion was argued during the pretrial conference held on April 19, 2017 (Docket No. 82).

BACKGROUND

This is a personal injury action under this Court's diversity jurisdiction arising from plaintiff LD's fall from a chairlift in 2010. The parties consented to proceed to trial before the undersigned (Docket No. 37) and trial is scheduled to commence on July 17, 2017 (Docket Nos. 69, 70, 71). Familiarity with proceedings to date is presumed. Under the Scheduling Order (as amended) discovery concluded on April 30, 2015 (Docket No. 27), with no motions to compel filed. It is notable that there was little pretrial activity with this Court in this case until the Final Pretrial Conference.

During what is now the first round of motions in limine and pretrial submissions, defendants sought to preclude evidence of non-disclosed expert testimony (see Docket No. 58), noting that plaintiffs had not established that LD had a need for future medical care. This Court held that this motion was moot because of the parties' agreement to supplement discovery and disclosure, as argued during oral argument of that and other motions (Docket No. 73, Order of Mar. 20, 2017, at 40-41; see Docket No. 69). Under plaintiffs' motion (Docket No. 43) to quash certain subpoenas, this Court set a discovery cut off of April 5, 2017, to conclude supplemental discovery (Docket No. 70, Order of Feb. 22, 2017, at 21, 22).

Plaintiffs next moved to extend time to complete their supplemental production (Docket No. 77). At oral argument, they announced that they also would produce an economic expert with this supplementation (see Docket No. 82). Plaintiffs in their motion claimed that LD's physical condition in the "future is bleak since the nature of her injuries are progressive and potentially devastating to her future quality of life" (Docket No. 77, Pls. Atty. Affirm. ¶ 5). Defendants note, however (Docket No. 81, Defs. Memo. at 1st-2d unnumbered pages), that plaintiffs' counsel makes this statement without doctors or other factual substantiation. During oral argument, plaintiffs contended that LD's legs were different lengths. Plaintiffs' counsel argued that they needed time to gather materials from LD's medical providers and other experts, offering to complete this task by April 30, 2017 (see Docket No. 82).

Defendants argued that an extension of time was not warranted here (Docket No. 81, Defs. Memo.). First, LD's doctors advised that she could continue her athletic activities without restriction, while a subsequent treating physician treated LD's complaint of pain in her hip with prescribed exercise (with LD not having further appointments or more extensive treatment) (id.

2

at 2d through 3d unnumbered pages). Defendants provided in camera LD's supplemented medical record (id., Exs. A-E) and filed photographs taken of LD in various physical activities after the 2010 accident (id., Exs. F-S). The photographs depict LD running in cross country race, playing soccer and volleyball, riding horses, skiing, and climbing rock walls (Docket No. 81, Defs. Exs. F-S).

Next, defendants complain that one doctor, Dr. Ayeni, recently has been identified as a plaintiffs' expert and this doctor was not disclosed either in plaintiffs' initial Rule 26(a) disclosure or in Interrogatory answers (id., Defs. Memo. at 2d-3d unnumbered pages).

Applying Judge Elizabeth Wolford's four-factor standard for determining whether a belated production of an expert should be allowed, see Mikulec v. Town of Cheektowaga, 302 F.R.D. 25, 29-30 (W.D.N.Y. 2014), defendants contend that plaintiffs are not justified in being given leave to use these experts. First, they argue that no excuse was given for the belated disclosure and identification of the expert at the eleventh hour. Next, defendants believe that plaintiffs failed to establish proof of future medical treatment for LD as even necessary. Third, defendants contend that they would be prejudiced by this belated disclosure, at almost the eve of trial of a 2013 action. Finally, they argue that the age of the case (a seven year old claim filed in 2013 and scheduled for trial this July) weighs against granting the continuance sought (id. at 4th-7th unnumbered pages).

While this motion was pending, subpoenaed papers from Holimont ski resort were received by this Court for in camera review (see Docket No. 70, Order at 17-19).

DISCUSSION

I.  Extension of Plaintiffs' Discovery Deadline (Docket No. 77)

Judge Wolford in another recent case found two issues in seeking leave to modify a Scheduling or Case Management Order for good cause, and whether there should be preclusion from offering the newly retained expert under Rules 16 and 37, respectively. She noted that analysis under those rules overlap and focus on the movant's reasons for the late disclosure and whether there is prejudice to a party, Paulus v. Holimont, Inc., 315 F.R.D. 13, 15 (W.D.N.Y. 2016) (Docket No. 81, Defs. Memo. at 4th unnumbered page). In Mikulec, after being advised repeatedly to supplement plaintiff's disclosure with a computation of lost wages and plaintiff having failed to do so, Judge Wolford granted defendants' motion to preclude evidence of lost wages, 302 F.R.D. at 27-28. There, she noted the Court's "wide discretion" in imposing sanctions, including preclusion, for failure to meet discovery obligations, id. at 29, while noting that preclusion is a drastic remedy that is rarely imposed, id., quoting Babcock v. Rezak, No. 96CV394, 2002 U.S. Dist. LEXIS 22652, at *4 (W.D.N.Y. Nov. 6, 2002) (Elfvin, J.). In Mikulec, Judge Wolford applied the four-factor test, 315 F.R.D. at 29-30, and found that plaintiff had not met his burden by not explaining the omission or that this failure was substantially justified, id. at 30.

Considering the factors listed in Mikulec in this case, the extension of time sought by plaintiffs here **is not warranted**. Plaintiffs have not excused their belated disclosure of experts regarding future medical expenses or LD's economic losses. Although this case had little judicial intervention and moved quickly to trial readiness, many of the items such as plaintiffs' supplemental disclosures could have been done months ago. If plaintiffs were claiming future

4

medical needs for LD and (now apparently) future economic losses as a result of those needs, plaintiffs could have identified experts and offered their opinions well before this. From the materials presented, LD's future medical claim seems sparse. While LD may have continuing injuries from her hip and leg, the present record does not indicate that it is severe or permanent.

Defendants are prejudiced by this late supplementation on this claim. From the meager factual record, they now must contend with plaintiffs' contention that LD's future condition is "bleak," but absent adequate medical support for that contention. Finally, this is a four year old case arising from an accident seven years ago, where these discovery issues are only arose at the near eve of trial.

Nevertheless, plaintiffs should receive some time to complete supplementation already under way. They argued in oral argument that they could finish producing by April 30, 2017, in effect taking advantage of the time between moving for extension and argument to complete the work. Both sides insist upon commencing trial on July 19 and plaintiffs state that this extension will not affect the start of trial. The parties will be held to that jury selection and trial start date. To allow completion of plaintiffs' disclosure, they have until **May 2, 2017**, to finish; any further extension would jeopardize the start of the trial as scheduled.

II.     Supplemental Pretrial Order

As a result of the proceedings to date, the Pretrial Order (Docket No. 40) is further amended as follows. This Court recognizes with the supplementation being exchanged by both sides, further motion practice and supplementation to already filed pretrial submissions may be in order. Again, to keep the July 19, 2017, jury selection and trial start, this next round of motions in limine (if any) and supplemental pretrial submissions (such as amended or

supplemented jury instructions, revised witness and exhibit lists, amended voir dire questions) are due by **June 5, 2017**. In supplementing existing submissions, the new submissions should clearly be identified as being supplemental (such as continuing in existing numbering or indication in redline or strikeout the amending text). Parties are cautioned, this Court intends to proceed with trial on July 19, 2017, and may proceed with motions in limine to be resolved during the course of trial.

The Final Pretrial Conference shall be held on **Wednesday, July 12, 2017, at 10:15 am**, before the undersigned, to discuss the issues listed in the initial Final Pretrial Order (Docket No. 40, Order at 1). Parties are to note whether deposition testimony or video testimony (see id. at 4) will be used at trial.

\* \* \* \*

III.   Holimont Subpoenaed Materials

While this matter was pending, this Court received in chambers the subpoenaed materials from LD's accident at Holimont in 2015 and reviewed them for in camera review (see Docket No. 70, Order at 17-19; cf. Docket No. 43). The disclosed papers included plaintiffs' registration with Holimont for the 2013-14 season and the incident report from the snowboard incident on January 18, 2015. From review of those papers, in particular the snowboard incident, this Court finds that **none of these records are relevant for LD's 2010 claims**. That snowboard incident report notes LD had a prior broken leg injury in 2010 but made no reference to that injury being affected by the snowboarding incident in 2015. As a result and to limit exposure of LD's medical records beyond those relevant to this case, defendants' motion to subpoena these records

6

from Holimont and compel production is **denied**. Chambers will return the subpoenaed items to Holimont.

CONCLUSION

For the reasons stated above, plaintiffs' motion (Docket No. 77) to extend their discovery period is **granted in part**. Plaintiffs now have until **May 2, 2017**, to complete their disclosures. As a result, the jury selection and trial still will commence on **Monday, July 17, 2017**; a second round of motions in limine (if any) and supplemental pretrial submissions are due by **June 5, 2017**; and a Final Pretrial Conference shall be held on **Wednesday, July 12, 2017, at 10:15 am**, before the undersigned.

On plaintiffs' motion to quash the Holimont subpoena (Docket No. 43) and following in camera review, defendants' request for production from Holimont is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
   April 20, 2017