UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYAN DIFRANCESCO, as father and
natural guardian of the infant minor, LD,

                        Plaintiffs,                  **Hon. Hugh B. Scott**

                                                        13CV148

                          v.                        **CONSENT**

                                                        **Order**

WIN-SUM SKI CORP. and
HOLIDAY VALLEY, INC.,

                        Defendants.

Before the Court are the following motions for this case presently scheduled for a jury trial on July 17, 2017. First is defendants' motion to compel plaintiffs to produce photographs of plaintiff LD from the cell phone of Natasha DiFrancesco (Docket No. 84), LD's mother and wife of plaintiff Bryan DiFrancesco. Plaintiffs moved to extend their discovery deadline of May 2, 2017 (Docket No. 86, motion of May 3, 2017). Finally, plaintiffs moved for a protective Order in response to defense motion to compel (Docket No. 88).

Responses to defendants' motion to compel were due by May 5, 2017, with replies due May 9, 2017, and argument scheduled for May 10, 2017 (Docket No. 85). Plaintiffs responded with their crossing motion for a protective Order (Docket No. 88). Responses from defendants to that motion were due by May 9, 2017, with argument again on May 10, 2017 (Docket No. 89). Defendants then responded (Docket No. 91). Conceding that plaintiffs submitted the photographs sought, defendants abandoned the substantive relief sought in their motion to

compel but still claim recovery of their motion costs. They contend that plaintiffs failed to produce photographs when initially sought in 2013 and only produced them at the eve of the scheduled trial and leading to the issue whether Mrs. DiFrancesco had photographs that were not yet produced. (See generally Docket No. 21, Defs. Memo.)

Meanwhile, responses to plaintiffs' motion for extension of time also were due on May 9, 2017, with argument on the next day (Docket No. 87) with the other motions. Defendants duly responded (Docket No. 90) and plaintiffs replied (Docket No. 92).

Familiarity with prior proceedings in this action is presumed.

BACKGROUND

This is a personal injury action under this Court's diversity jurisdiction arising from five-year-old plaintiff LD's fall from a chairlift in 2010. The parties consented to proceed to trial before the undersigned (Docket No. 37) and trial was scheduled to commence on July 17, 2017 (Docket Nos. 69, 70, 71).

Under the Scheduling Order (as amended) discovery concluded back on April 30, 2015 (Docket No. 27), with no motions to compel filed until just prior to trial. It is notable that there was little pretrial intervention of this Court until the Final Pretrial Conference (Docket Nos. 38, 39) where the parties reported their readiness for trial.

During what is now the first round of motions in limine (Docket Nos. 43, 45, 53, 56, 58) and pretrial submissions (see Docket Nos. 48-52, 54-55), defendants sought to preclude evidence of non-disclosed expert testimony (see Docket No. 58), noting that plaintiffs had not established that LD had a need for future medical care. This Court held that this motion was moot because of the parties' agreement to supplement discovery and disclosure (Docket No. 73, Order of

2

Mar. 20, 2017, at 40-41; see Docket No. 69). Under plaintiffs' motion (Docket No. 43) to quash certain subpoenas, this Court set a supplemental discovery cutoff date of April 5, 2017 (Docket No. 70, Order of Feb. 22, 2017, at 21, 22).

Plaintiffs next moved to extend time to complete their supplemental production (Docket No. 77), which was reluctantly granted (Docket No. 83) to May 2, 2017. At oral argument, they announced that they also would produce an economic expert with this supplementation (see Docket No. 82). Plaintiffs in their motion claimed that LD's physical condition in the "future is bleak since the nature of her injuries are progressive and potentially devastating to her future quality of life" (Docket No. 77, Pls. Atty. Affirm. ¶ 5). Defendants noted (Docket No. 81, Defs. Memo. at 1st-2d unnumbered pages) that plaintiffs' counsel made this statement without doctors or other factual substantiation. During oral argument, plaintiffs contended that LD's legs were different lengths. Plaintiffs' counsel argued that they needed time to gather materials from LD's medical providers and other experts, offering to complete this task by April 30, 2017 (see Docket No. 82).

Defendants argued that an extension of time was not warranted here (Docket No. 81, Defs. Memo.), later repeating these arguments against plaintiffs' present motion (Docket No. 90, Defs. Memo. at 4th to 9th unnumbered pages). First, LD's doctors advised that she could continue her athletic activities without restriction, while a subsequent treating physician treated LD's complaint of pain in her hip with prescribed exercise (with LD not having further appointments or more extensive treatment) (Docket No. 81, Defs. Memo. at 2d through 3d unnumbered pages). Defendants provided in camera LD's supplemented medical record (id., Exs. A-E) and filed photographs taken of LD in various physical activities after the 2010

3

accident (id., Exs. F-S). The photographs depict LD running in a cross country race, playing soccer and volleyball, riding horses, skiing, and climbing rock walls (Docket No. 81, Defs. Exs. F-S).

Applying Judge Elizabeth Wolford's four-factor standard for determining whether a belated production of an expert should be allowed, see Mikulec v. Town of Cheektowaga, 302 F.R.D. 25, 29-30 (W.D.N.Y. 2014), defendants argued that plaintiffs were not justified in being given leave to use these experts. First, they noted that no excuse was given for the belated disclosure and identification of the expert at the eleventh hour. Next, defendants believed that plaintiffs failed to establish proof of future medical treatment for LD as even necessary. Third, defendants contended that they would be prejudiced by this belated disclosure, at almost the eve of trial of a 2013 action. Finally, they concluded that the age of the case (a seven-year-old claim filed in 2013 and scheduled for trial this July) weighs against granting the continuance sought (id. at 4th-7th unnumbered pages).

*Plaintiffs' Second Motion for Extension of Time to Complete Discovery*

As the May 2 deadline approached, plaintiffs claimed to have had difficulties obtaining medical and financial expert opinions for a timely submission, hence the present motion for a further extension of time (see Docket No. 86). They later reported receiving the medical report that they intended to forward to their economic expert (Docket No. 92, Pls. Atty. Reply Decl. ¶¶ 4-6, 7, Ex. A). Plaintiffs, however, do not state how long they need to complete their discovery; instead they only ask for additional time for the economic expert to render his opinion as to those future costs (id. ¶ 7).

4

During oral argument, this Court raised the concern that the July 17, 2017, jury trial date is in jeopardy (see Docket No. 93). Plaintiffs stated that their medical expert, Dr. Peterson, submitted his report and that information is going to plaintiffs' economist to project LD's future medical needs and costs (Docket No. 92, Pls. Atty. Reply Decl. ¶ 4, Ex. A). Defendants then replied that, in light of these revelations, they needed to conduct an examination of LD, retain their own medical and economic experts, and depose plaintiffs' experts, resulting in a delay of a July 2017 trial. They reiterate the prejudices to them due to continued delay (Docket No. 90, Defs. Memo.).

*Defense Motion to Compel*

Defendants, meanwhile, move to compel Mrs. DiFrancesco to produce photographs of LD engaged in physical activity that apparently were not produced to date (Docket No. 84). Plaintiffs respond (in their motion for a protective Order) that Mrs. DiFrancesco's photographs were uploaded to the family's computer and those images were part of the supplemental production made to defendants thus rendering defendants' current request cumulative or duplicative (Docket No. 88, Pls. Motion for Protective Order; id., Pls. Atty. Affirm., Ex. A). Upon Mrs. DiFrancesco's affidavit (Docket No. 88, Pls. Atty. Affirm., Ex. A), defendants agreed to withdraw their motion to compel if plaintiffs consent to withdraw their motion for a Protective Order (Docket No. 91, Defs. Memo. at 3rd unnumbered page, id., Defs. Atty. Affirm. Ex. A). Alternatively, defendants contend that plaintiffs' motion for the Protective Order is moot (id., Defs. Memo. at 4th unnumbered page). They nevertheless insist upon imposing their motion costs upon plaintiffs because their counsel failed to make a reasonable inquiry for the photographs before signing the response to the First Request for Documents (id.) years ago.

5

DISCUSSION

This Court will first address the motions surrounding discovery of plaintiffs' photographs (including discussing defense motion for discovery sanctions) and then plaintiffs' motion for extension of time to complete supplementation of their disclosure. As a result, this Order will set new deadlines for the Final Pretrial Order.

I.  Discovery of Plaintiffs' Photographs

Substantively, the issues surrounding Mrs. DiFrancesco's production of photographs from her cell phone are mooted by their production with the photographs contained on the family computer. Defendants, however, still insist upon recovering their costs for this motion due to plaintiffs' counsel failing to use reasonable means to produce those photographs long before this date. The substantive relief sought in defendants' motion to compel (Docket No. 84) and plaintiffs' motion for a protective Order (Docket No. 88) are **deemed moot** as to actual production from Mrs. DiFrancesco.

Consideration of defense motion for discovery motion costs (Docket No. 84) is **deferred**. The focus has been on the production and not the delay and the basis for defense recovery of motion costs. Rather than delay trial preparation with ancillary fee litigation (especially since this motion to compel is deemed moot), this Court will **defer costs consideration until the conclusion of the trial**, the timing of which is discussed below.

Issues remain before these discovery sanctions costs can be assessed. First, should this discovery sanction be imposed at all? Second, if so, against whom should this sanction be imposed? Third, if sanctions are imposed on counsel, should it be imposed on individual attorneys including lead counsel past and present as well as the firm?

Reasonable discovery costs under Rule 37 are recoverable if the motion to compel is granted or disclosure is made <u>after filing</u> that motion, Fed. R. Civ. P. 37(a)(5)(A), and defendants as movants here attempted in good faith to obtain discovery; nondisclosure was not substantially justified; and other circumstances would not make an award of expenses unjust, <u>id.</u>, R. 37(a)(5)(A)(i), (ii), (iii). If a motion to compel is partially granted, and after giving the parties an opportunity to be heard, this Court may apportion reasonable motion expenses, <u>id.</u>, R. 37(a)(5)(C).

In this case, there was no motion to compel until near the eve of trial (Docket Nos. 75, 84; <u>see also</u> Docket No. 43). Defendants now seek sanctions for photographs plaintiffs initially had not acknowledged to have existed or were later produced only after the trial date was set. But plaintiffs in fact produced prior to this motion, thus the defense motion (and plaintiff's crossing motion for a protective Order) was deemed moot. In such instances, sanctions usually are not awarded.

Defendants contend that plaintiffs' attorneys should have been more diligent in seeking the photographs sought in earlier stages of the case. If costs are warranted, the next question would be which party (plaintiffs or their attorneys or both) would be responsible, <u>see id.</u>, R.37 (a)(5)(A) (require party or attorney or both to pay reasonable motion expenses). The purpose of this is to impose the sanction upon the party most responsible for causing movants to seek relief.

If it is determined that plaintiffs' counsel is responsible, the last question is who should bear this liability, plaintiffs' firm alone, present counsel of record, and/or prior counsel of record? Craig Watson was initial counsel of record with plaintiffs' firm and for most of the history of this case. He was counsel when defendants served their discovery demands and

responded that there were no photographs when later such photographs were produced. After Watson left the firm, current lead counsel Phillipp Rimmler produced the photographs.

Since discovery costs are not dependent upon the trial (or vice versa) and to not delay further commencement of the trial, briefing of defendants' motion to recover their reasonable motion to compel costs (with discussion of the above issues) **is deferred** until the conclusion of the trial (when this Court will scheduled briefing).

II.     Extension of Plaintiffs' Discovery Deadline (Docket No. 86)

As previously noted (Docket No. 83, Order of April 20, 2017, at 5), Judge Wolford recently found two issues in seeking leave to modify a Scheduling or Case Management Order for good cause, and whether there should be preclusion from offering the newly retained expert under Rules 16 and 37, respectively. She noted that analysis under those rules overlap and focus on the movant's reasons for the late disclosure and whether there is prejudice to a party, Paulus v. Holimont, Inc., 315 F.R.D. 13, 15 (W.D.N.Y. 2016) (Docket No. 81, Defs. Memo. at 4th unnumbered page; Docket No. 90, Defs. Memo. at 4th-5th unnumbered pages). In Mikulec, after being advised repeatedly to supplement plaintiff's disclosure with a computation of lost wages and plaintiff having failed to do so, Judge Wolford granted defendants' motion to preclude evidence of lost wages, 302 F.R.D. at 27-28. There, she noted the Court's "wide discretion" in imposing sanctions, including preclusion, for failure to meet discovery obligations, id. at 29, while noting that preclusion is a drastic remedy that is rarely imposed, id., quoting Babcock v. Rezak, No. 96CV394, 2002 U.S. Dist. LEXIS 22652, at *4 (W.D.N.Y. Nov. 6, 2002) (Elfvin, J.). In Paulus, Judge Wolford applied the four-factor test, 315 F.R.D. at 29-30, and found that the

plaintiff there had not met his burden by not explaining the omission or that this failure was substantially justified, id. at 30.

Considering again the factors listed in Mikulec and applied in Paulus in this case, the further extension of time sought by plaintiffs here **is not warranted**. Plaintiffs attempt to excuse their belated disclosure of experts regarding future medical expenses or LD's economic losses due to delayed responses from their medical expert. Plaintiffs established that their tardiness was due to the delayed action of their medical expert due to the press of his practice. This is despite the fact that LD's future medical care and the costs arising therefrom existed as issues of proof. This is a seven-year-old case of an injured five-year-old girl; during this period, her need for medical care to date was apparent and could have been projected into the future as to her potential needs. Although this case had little judicial intervention and moved quickly to stated trial readiness, plaintiffs now seeking supplemental disclosures of LD's future medical needs could have been done months ago. If plaintiffs were claiming future medical needs for LD and (now apparently) future economic losses as a result of those needs, plaintiffs could have identified experts and offered their opinions well before this.

Defendants are prejudiced by this late supplementation on this claim. Plaintiffs' subsequent report from their medical expert leads to more defense questions and further delaying final determination of the case. Finally, this is a four-year-old case arising from an accident seven years ago, where these discovery issues only arose at the near eve of trial (see Docket No. 90, Defs. Memo. at 8th unnumbered page) and potentially from the change in plaintiffs' counsel.

Nevertheless, plaintiffs should receive **one final extension** to complete supplementation already under way, despite plaintiffs not stating how long their economic expert would need to digest the medical opinion rendered by their medical expert. The delay in plaintiffs' present production between May 2 and the present was due to plaintiffs' expert. This Court previously noted (Docket No. 83, Order at 5) that any further extension would jeopardize the start of the trial as scheduled. Plaintiffs' motion for extension of time (Docket No. 86) is **granted**. The new schedule of pretrial activities is discussed next.

III.     Pretrial Schedule and Second Supplemental Pretrial Order

A grant of a further extension definitely eliminates a July 2017 trial. Plaintiffs made no assurance that this discovery activity could be completed (with subsequent pretrial actions and motions in limine) in time for the trial to commence on July 17, 2017. But even if a further extension was denied, a July 2017 jury trial now would be impossible. The former May 2, 2017, deadline for plaintiffs concluding their expert disclosure presumed that defendants then would have ample time to conduct discovery regarding plaintiffs' expert disclosure as well as the parties submitting supplemental pretrial submissions prior to a July 17 trial. Plaintiffs presented enough on LD's future care that defendants would insist upon further discovery as to the supplemental information provided. As seen with the first round of pretrial submissions (Docket Nos. 48-52, 54-55) and motions in limine (Docket Nos. 43, 45, 53, 56, 58), subsequent pretrial submissions and briefing (for example, plaintiffs at oral argument raised the possibility of future motions in limine regarding the admissibility of the photographs the defense sought, see Docket No. 93) after this discovery finally closes may not be resolved in sufficient time for a July trial. Instead of creating a complete record, the parties seem to be expanding the issues in an otherwise

straight forward personal injury action. As a result and as noted above, plaintiffs' motion to extend their time (Docket No. 86) is reluctantly **granted** but as a result, the July 17, 2017, trial date is **adjourned**.

In light of this extension, the Pretrial Order (Docket No. 40) is further amended as follows. This Court recognizes with the supplementation being exchanged by both sides, further motion practice and supplementation to already-filed pretrial submissions will be in order (as seen in the present motions). All discovery, including contesting experts' opinions and supplementation, shall conclude on **August 15, 2017**, **with no further extension**. A new round of motions in limine (if any) and supplemental pretrial submissions (such as amended or supplemented jury instructions, revised witness and exhibit lists, amended voir dire questions) are now due by **September 15, 2017**. As previously ordered (Docket No. 83, Order at 6), in supplementing existing submissions, the new submissions should clearly be identified as being supplemental (such as continuing in existing numbering or indication in redline or strikeout the amending text). Jury selection and trial now shall be commenced on **Tuesday, October 10, 2017**. Parties are cautioned, this Court intends to proceed with trial on October 10, 2017, and may proceed with motions in limine to be resolved during the course of trial.

The Final Pretrial Conference shall be held on **Wednesday, September 20, 2017, at 10:45 am**, before the undersigned, to discuss the issues listed in the initial Final Pretrial Order (Docket No. 40, Order at 1) and readiness for trial. Parties are to note whether deposition testimony or video testimony (see id. at 4) will be used at trial.

It is acknowledged that both sides (in setting the earlier trial dates) argued that this new trial date is inconvenient either to LD as a student, to defendants as operators of a ski facility, or

11

to their witnesses (including medical and other professionals).  From the pretrial range of available trial dates presented by the parties (as well as this Court's calendar) to find the next optimal new date when all parties, witnesses, and this Court are available would have the trial in the summer of 2018 for a 2010 incident.

CONCLUSION

For the reasons stated above, the substantive portion of defendants' motion to compel (Docket No. 84) and plaintiffs' motion for a protective Order (Docket No. 88) are **denied as moot**.  The rest of defendants' motion (Docket No. 84) for discovery sanctions is **held in abeyance pending resolution of the trial**.

Plaintiffs' second motion to extend their discovery period (Docket No. 86) is **granted**.  The parties are to complete all remaining discovery (such as completing expert disclosure, contesting that disclosure, and supplementation of fact discovery) by **August 15, 2017**.  As a result, the jury selection and trial **will be adjourned from July 17, 2017**.  A second round of motions in limine (if any) and supplemental pretrial submissions are due by **September 15, 2017**; and a Final Pretrial Conference shall be held on **Wednesday, September 20, 2017, at 10:45 am**, before the undersigned.  Jury selection and Trial is reset for **Tuesday, October 10, 2017**.

So Ordered.

                */s/ Hugh B. Scott*
                Hon. Hugh B. Scott
               United States Magistrate Judge

Dated: Buffalo, New York
   May 16, 2017